FREDERICKSON *v.* FOWLER and Others.

The provision in the ordinance of 1816, exempting certain lands from taxes
for five years from the time of sale, does not apply to land reserved to
individuals by an Indian treaty.

APPEAL from the *Lake* Circuit Court. <span>Wednesday, November 25.</span>

BLACKFORD, J.—The appellant brought an action of tres-
pass *de bonis asportatis* against the appellees. Plea, not
guilty. The cause was submitted to the Court, and judg-
ment rendered for the defendants.

Nov. Term,
1840.

The facts are as follows:—In 1832, a purchase of lands, situate in the northern part of this state, was made from the Indians by the *United States.* The Indians reserved in the treaty a certain tract of land, in *Lake* county, for *John B. Chadanais.* In 1835, the land thus reserved was selected in conformity with the treaty, and was sold by *Chadanais* to the plaintiff. Afterwards, in 1837, the land was assessed for state and county revenue; and the goods mentioned in the declaration were regularly taken by the collector for the purpose of collecting the tax. For that taking, which was within five years from the date of the treaty, this action was brought.

The only question in the cause is, whether the provision in the ordinance of 1816, exempting certain lands from taxes for five years from the time of sale, applies to this reserved land?

We think the land was subject to the taxes for which the goods were taken. The exemption in the ordinance only applies to lands sold by the *United States;* and this is not such a case. *Chadanais* did not obtain the land by a purchase from the *United States,* but by virtue of the reservation in his favour contained in the treaty.

The statute of 1834, which expressly requires the taxing of such reserved land as that under consideration, instead of being unconstitutional as the plaintiff contends, is only declaratory of the previously existing law relating to the revenue.

*Per Curiam.*—The judgment is affirmed with costs.

*J. B. Niles, C. Fletcher,* and *O. Butler,* for the appellant.

*J. H. Bradley,* for the appellees.